SMALLER WAR PLANTS CORPORATION, Plaintiff, *v.* SILVER CREEK NATIONAL BANK, Defendant.

Supreme Court, Trial Term, New York County, April 23, 1945.

*Sol A. Liebman, John T. Waters* and *Harold E. Jacobson* for plaintiff.

*George D. Zahm* and *William Roth* for defendant.

Koch, J. This action was instituted by the plaintiff to recover the sum of $4,053.38, allegedly due by the defendant to the plaintiff pursuant to the terms of a written contract entered into between them. From the evidence adduced upon the trial, it appears that the defendant loaned to the Collins Upholstery Manufacturing Co., Inc., the sum of $25,000, which was evidenced by a promissory note. At the same time, the plaintiff and the defendant entered into a written agreement which provided, among other things, that upon ten days' written demand by the defendant the plaintiff would purchase and pay for an 80% participating interest in the note. Pursuant to the terms of the agreement between the parties, on or about December 4, 1943, the plaintiff purchased and paid for its 80% participating interest, and under the terms of the agreement received a transfer of the note, collateral and other documents held by the defendant in connection therewith. It was further provided that the holder of the note should receive all payments on account of principal and interest on the loan and promptly remit to the other party its prorata share.

On or about December 17, 1943, and December 29, 1943, after the plaintiff became the sole and legal owner and holder of the note and collateral and entitled to collect the moneys pursuant to the terms of the participation agreement, the defendant offset from moneys which the Collins Upholstery Manufacturing Co., Inc., had with it on deposit the sum of $4,053.38, and applied such moneys in payment of its remaining 20% participating interest in the loan. The defendant thereafter refused to pay over these moneys to the plaintiff, and this action was instituted.

This action is one at law, predicated upon the contract between the parties. The defendant urges that, regardless of equities which might exist, the plaintiff is limited to the rights under the contract. Paragraph 6 of the participation agreement is as

follows: " 6. *Sharing of Collateral.* Any and all security or guarantee on any note which bank or R.F.C. now holds or may receive further to secure bank or R.F.C. with respect to the loan shall secure the interests of both bank and R.F.C. in the loan." There can be no question, therefore, that as between the plaintiff and the defendant it was understood that the plaintiff was entitled to any security held or which may have been received by the defendant. The question then arises as to whether or not the moneys deposited by Collins with the defendant in its general banking account should be interpreted as falling within the terms " security " or "collateral ". It is clear that the defendant might have permitted its depositor to withdraw the moneys on deposit. If the defendant had done this, no objection could have been made by the plaintiff. (*People's National Bank* v. *Hewitt,* 226 App. Div. 412, mod. 253 N. Y. 523.) However, the defendant did not permit this depositor to° treat the moneys on deposit in any manner which it desired. Quite to the contrary, according to the examination before trial, the defendant admitted that it offset the amount in dispute and set up that amount as a " reserve ". This action upon the part of the defendant was undoubtedly undertaken to secure its 20% interest in the loan, and pursuant to the letter of the defendant dated February 19, 1944, it is evident that the defendant considered the offset as payment of the defendant's loan. It would be a travesty on justice to consider that the defendant might secure its own possession by making the offset and calling it a " reserve " or " payment " and yet by the expedient of not calling the offset a " security " avoid sharing that which was unquestionably taken as security. Justice between the parties, as well as the evident intent of the contract, required that all security be transferred to the plaintiff and that any moneys which were paid, or any moneys which were taken as security or in reduction of the loan, be transferred to the plaintiff and thereafter disbursed proportionately.

In accordance with the views herein expressed, therefore, I find that the plaintiff is entitled to the sum of $4,053.38 and interest, and give judgment against the defendant in that amount. Settle judgment.